**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TIMOTHY ALLEN STRAIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:10-CV-319 JVB |
| | ) | |
| BELINDA SCHROEDER, Supervisor of Classification, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Timothy Strait, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant Belinda Schroeder, Jail Supervisor of Classification, violated his federally protected rights by placing him in segregation without due process. Pursuant to 28 U.S.C. § 1915A(a), the Court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). A complaint

must state a plausible claim for relief:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137,

140 (1979).

According to the complaint, on February 8, 2010, Plaintiff was assaulted by another inmate. "Instead of removing the aggressor, James Kinder, I was put in segregation . . . I ended [up] doing approximately 5½ months in various segregation cells." [DE 1 at 3]. Plaintiff states that he was a pretrial detainee when these events occurred. [*Id.* at 1].

As a pretrial detainee, the Fourteenth Amendment's due process clause entitled Plaintiff to due process before being punished. *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995). Not every restriction imposed on a pre-trial detainee, however, constitutes punishment. For example, the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate the due process clause. *Zarnes v. Rhodes,* 64 F.3d 285, 291 & n. 5 (7th Cir. 1995); *Zimmerman v. Tippecanoe Sheriff's Department*, 25 F.Supp.2d 915, 921 (N.D. Ind. 1998) (holding a pre-trial detainee in administrative segregation where the segregation unit was more secure and the sheriff believed that the inmate constituted a security risk did not violate the due process clause). However, giving Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the Court cannot say that he can prove no set of set of facts consistent with his claim that jail officials punished him without due process.

For the foregoing reasons, the Court:

(1) GRANTS Plaintiff leave to proceed against Defendant in her personal capacity for damages on his Fourteenth Amendment claim that she punished him without due process;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that Defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on Defendant on Plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on her along with the summons and complaint.

SO ORDERED on September 27, 2010.

 S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE